1  ROBERT J. ROSATI #112006
   robert@erisalg.com
2  ERISA Law Group, LLP
   6485 N. Palm Ave., Ste. 105
3  Telephone:(559)478-4119
   Telefax:(559)478-5939
4

5  Attorneys for Plaintiff,
   CARLA POHLMAN
6

7              UNITED STATES DISTRICT COURT FOR

8                CENTRAL DISTRICT OF CALIFORNIA

9                     WESTERN DIVISION

10 CARLA POHLMAN                    Case No.: 2:16-cv-5145

11              Plaintiff,
                                    COMPLAINT FOR DECLARATORY
12 v.                               RELIEF FOR LONG TERM
                                    DISABILITY BENEFITS
13 LIFE INSURANCE COMPANY OF
   NORTH AMERICA,
14
                Defendant.
15

16 _____

17     Plaintiff Carla Pohlman ("Plaintiff" or "Pohlman") alleges as follows:

18                        **JURISDICTION**

19     1.    Plaintiff's claim for relief arises under the Employee Retirement

20 Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section

21 1132(a)(1).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over

22 this action because this action arises under the laws of the United States of

23 America.  29 U.S.C. section 1132(e)(1) provides for federal district court

24 jurisdiction of this action.

25                          **VENUE**

26     2.    Venue is proper in the Central District of California because the acts

27 and occurrences giving rise to Plaintiff's claim for relief took place in Lompoc,

28 Santa Barbara County, California, because Plaintiff was and is a resident of

                              COMPLAINT

1   Lompoc, Santa Barbara County, when Defendant terminate her claim for
2   long-term disability benefits and denied her appeals of that denial.  Therefore, 29
3   U.S.C. section 1132(e)(2) provides for venue in this court.  Intradistrict venue is
4   proper in the Western Division of this Court.

5   **PARTIES**

6          3.     Plaintiff  is, and at all times relevant hereto was, a participant, as that
7   term is defined by 29 U.S.C. section 1000(7), of the Lockheed Martin Corporation
8   Group Long Term Disability Plan ("The Plan") and thereby entitled to receive
9   benefits therefrom.  Plaintiff was a beneficiary because she was an employee of
10  Lockheed Martin Corporation, which established The Plan.

11         4.     The Plan is an employee welfare benefit plan organized and operating
12  under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

13         5.     Defendant Life Insurance Company of North America, ("LINA"),
14  issued Policy No. LK-8348 to Lockheed Martin Corporation ("the Policy") under
15  which benefits are provided by The Plan, was insurer and decision maker for The
16  Plan, and is legally liable for paying the benefits sought herein.

17  **CLAIM FOR RELIEF**

18         6.     The Policy provides long-term disability ("LTD") benefits, which, for
19  a person under the age of 61 at the time the disability occurred, as was Plaintiff
20  herein, such benefits potentially could continue until the claimant reaches age 65.

21         7.     In order to be eligible for benefits under the Policy, an employee must
22  meet the Policy's definition of disability.

23         8.     The Policy defines "disability" as follows:

24         A.     Disabled is defined as:

25         "The Employee is considered Disabled if, solely because of Injury or
26  Sickness, he or she is:

27               1.     Unable to perform each and every material duty of his or
28  her Regular Occupation; and

**COMPLAINT**

-2-

2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. Unable to perform each and every material duty of any occupation for which he or she is, or may reasonably become qualified based on education, training or experience; and

2. Unable to earn 80% or more of his or her Indexed Earnings."

9. Pohlman was formerly employed by Lockheed-Martin Corporation for 30 years, recently as a Financial Analyst. Her last day of work was January 7, 2014.

10. Pohlman is disabled by chronic back pain, as a result of "failed back syndrome." She has had four surgeries which have not relieved her pain or restored function.

11. By letter dated August 5, 2014, LINA approved Pohlman's claim for LTD benefits, effective July 9, 2014, after the expiration of the waiting period set forth in The Policy.

12. By letter dated May 1, 2015, LINA terminated Pohlman's LTD benefits effective that day, but invited her to appeal that decision.

13. By letter dated July 16, 2015, Plaintiff timely appealed the termination of her LTD benefits.

14. By letter dated September 9, 2015, LINA denied Pohlman's first appeal from the termination of her LTD benefits, but invited her to submit a second voluntary appeal from the termination of her LTD benefits, but invited her to submit a second voluntary appeal.

15. By letter dated March 2, 2016, through counsel, Pohlman submitted her second appeal, consisted of an 86-page appeal letter from Pohlman's attorney,

1    Pohlman's sworn declaration, medical records, and various other documents. The

2    appeal letter summarized Pohlman's functionality and explained that she suffers

3    from chronic back pain; that LINA improperly demands "objective evidence" in

4    violation of the terms of The Policy; that there was no improvement in Pohlman's

5    condition in the time she was on claim; that LINA failed to perform a proper

6    vocational review and/or TSA; that LINA and its reviewers failed to properly

7    consider fatigue, pain, mental clouding, and the side effects of medications, as

8    disabling conditions; that LINA's medical opinions are entitled to no weight and

9    would not be considered by any court; that LINA's decision to terminate LTD

10   benefits was contrary to the evidence; that LINA failed to consider Pohlman

11   condition as a whole person; that LINA intentionally withheld documents; that

12   LINA's review processes are unfair; and that Pohlman was and is totally disabled

13   under the terms of the Policy.

14        16.    By letter dated June 16, 2016, LINA denied Pohlman's voluntary

15   second appeal.

16        17.    Plaintiff has exhausted all administrative remedies required to be

17   exhausted by the terms of The Policy and by ERISA.

18        18.    At all times mentioned herein Plaintiff was, and continues to be,

19   totally disabled under The Policy's definition of totally disabled and therefore

20   entitled to benefits under the terms of The Policy.

21        19.    Defendant was required to provide Plaintiff a full and fair review of

22   her claim for benefits pursuant to 29 U.S.C. §1133 and its implementing

23   Regulations. Specifically:

24        A.    29 U.S.C. §1133 mandates that, in accordance with the

25   Regulations of the Secretary of Labor, every employee benefit plan, including

26   defendants herein, shall provide adequate notice in writing to any participant or

27   beneficiary whose claim for benefits under the plan has been denied, setting forth

28   the specific reasons for such denial, written in a manner calculated to be

**COMPLAINT**

1  understood by the participant and afforded a reasonable opportunity to any
2  participant whose claim for benefits has been denied a full and fair review by an
3  appropriate named fiduciary of the decision denying the claim.

4          B.      The Secretary of Labor has adopted Regulations to implement
5  the requirements of 29 U.S.C. §1133.  These Regulations are set forth in 29 C.F.R.
6  §2560.503-1 and provide, as relevant here, that employee benefit plans, including
7  Defendant, shall establish and maintain reasonable procedures governing the filing
8  of benefit claims, notifications of benefit determinations, and appeal of adverse
9  benefit determinations and that such procedures shall be deemed reasonable only
10  if:

11          i.      Such procedures comply with the specifications of the
12                  Regulations.
13          ii.     The claims procedures contain administrative processes
14                  and safeguards designed to ensure and to verify that
15                  benefit determinations are made in accordance with
16                  governing plan documents and that, where appropriate,
17                  The Policy provisions have been applied consistently
18                  with respect to similarly situated claimants.
19          iii.    Written notice is given regarding an adverse
20                  determination (i.e., denial or termination of benefits)
21                  which includes: the specific reason or reasons for the
22                  adverse determination; with reference to the specific plan
23                  provisions on which the determination is based; a
24                  description of any additional material or information
25                  necessary for the claimant to perfect the claim and an
26                  explanation of why such material or information is
27                  necessary; a description of The Policy's review
28                  procedures and the time limits applicable to such

COMPLAINT

procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

iv.   LINA is required to provide a full and fair review of any adverse determination which includes:

a.   That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

b.   A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information: (1) was relied upon in making the benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (3) demonstrates compliance with the administrative processes and

COMPLAINT

safeguards required pursuant to the Regulations in making the benefit determination; or (4) constitutes a statement of policy or guidance with respect to The Policy concerning the denied benefit without regard to whether such statement was relied upon in making the benefit determination.

    c.    The Regulations further provide that for a review that takes into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination;

    d.    The Regulations further provide that, in deciding an appeal of any adverse determination that is based in whole or in part on a medical judgment that the appropriate named fiduciary shall consult with a healthcare professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

    e.    The Regulations further require a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the Plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal nor the subordinate of such individual.

    f.    The Regulations further provide that a healthcare

**COMPLAINT**

professional engaged for the purposes of a
consultation for an appeal of an adverse
determination shall be an individual who is neither
the individual who was consulted in connection
adverse benefit determination which was the
subject of the appeal nor the subordinate of any
such individual.

20. Defendant denied Plaintiff a full and fair review of her claims for benefits as follows:

A. LINA does not have claims procedures which contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, The Policy provisions have been applied consistently with respect to similarly situated claimants, or failed to provide them to Pohlman when he, through counsel, demanded them.

B. LINA, when denying Plaintiff's claim for LTD benefits did not provide a description of the additional material or information necessary for Plaintiff to perfect her claim or an explanation of why such material or information was necessary.

C. Defendant failed and refused to provide all relevant documents to Plaintiff for use in her appeals. Specifically, despite Plaintiff's written request for all relevant records submitted prior to the submission of her appeal, LINA withheld relevant records, including, but not limited to:

i. Claims procedures as specified in Paragraph 19;

ii. Statements of policy or guidance with respect to The Policy concerning the denied benefit without regard to whether or not the statement was relied upon in making the benefit determination, as specified in Paragraph 19.

D.   Defendant did not consider the comments and documents submitted in support of Plaintiff's appeals.

E.   Defendant otherwise violated the Regulations.

21.   This Court is required to review the termination of Plaintiff's benefits de novo because, although The Policy reserves discretion:

A.   The Policy was issued in and is explicitly subject to the laws of the State of Maryland.  Pursuant to Maryland Insurance Code section 12-211, the reservation of discretion in The Policy is void.

i.   Maryland Insurance Code section 12-211 provides that "A disability insurance policy may not be sold, delivered or issued for delivery in [Maryland] if the policy contains a clause that purports to reserve sole discretion to the carrier to interpret the terms of the policy or to provide standards of interpretation or review that are inconsistent with the laws of the State of [Maryland]."

ii.   Section 12-211 was adopted pursuant to Chapter 155, Maryland Statutes, effective October 1, 2011, which provides: "That this Act shall apply to disability insurance policies sold, delivered, issued for delivery, or renewed in the State on or after October 1, 2011.

iii.   The Policy contains a clause that purports to reserve sole discretion to LINA to interpret it.

iv.   The Policy was renewed after October 1, 2011.

v.   Therefore, the reservation of discretion in The Policy is null and void.

B.   Any discretionary clause in The Policy is void and unenforceable   due to California Insurance Code section 10100.6 because The Policy:

**COMPLAINT**

              i.      provides life insurance or disability insurance coverage, to any California resident;

              iii.    was to be renewed–i.e., continued in force – after The Policy's anniversary date,

              iv.    which was after the effective date of Insurance Code section 10110.6.

C. Although the Policy reserves discretion to LINA review is *de novo* because LINA did not comply with Department of Labor regulations governing claims procedures, 29 C.F.R. § 2560.503-1, as more dully described in Paragraphs 19 and 20, above, and therefore its otherwise discretionary denial of Pohlman's claim for benefits is not entitled to deference because LINA and The Plan have not established procedures in full conformity with 29 C.F.R. § 2560.503-1 and their failure to comply with its requirements was neither inadvertent nor harmless.

22. Alternatively, if for any reason the Court concludes that review is for abuse of discretion, then this Court should review Defendant's decision with limited deference because:

A. LINA is both the administrator and the funding source for The Policy, and therefore has a conflict of interest.

B. LINA failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials as set forth in Paragraph 19;

C. LINA utilized medical experts to review Plaintiff's medical records who had a financial conflict of interest, and therefore did not provide a neutral, independent review process.

D. LINA refused to consider all evidence presented by Plaintiff in the course of her appeal.

E. LINA's decision-making was influenced by its financial

COMPLAINT

1    conflict of interest.

2         G.    Defendant relied upon a factually unsubstantiated medical

3    reviews that were provided by LINA's hired physicians.

4    23.    Defendant's termination of Plaintiff's LTD  benefits was arbitrary and

5    capricious, an abuse of discretion, and a violation of the terms of The Policy.

6    24.    An actual controversy has arisen and now exists between Plaintiff and

7    Defendant with respect to whether Plaintiff is entitled to LTD benefits under The

8    Policy.

9    25.    Plaintiff contends, and Defendants disputes, that Plaintiff is entitled

10   to LTD benefits under the terms of The Policy because Plaintiff contends, and

11   Defendant disputes, that Plaintiff is totally disabled.

12   26.    Plaintiff desires a judicial determination of her rights and a

13   declaration as to which party's contention is correct, together with a declaration

14   that Defendant is obligated to pay long-term disability benefits under the terms of

15   The Policy, retroactive to the first day her benefits were terminate, until and unless

16   such time that Plaintiff is no longer eligible for such benefits under the terms of

17   The Policy.

18   27.    A judicial determination of these issues is necessary and appropriate

19   at this time under the circumstances described herein in order that the parties may

20   ascertain their respective rights and duties, avoid a multiplicity of actions between

21   the parties and their privities, and promote judicial efficiency.

22   28.    As a proximate result of Defendant's wrongful conduct as alleged

23   herein, Plaintiff was required to obtain the services of counsel to obtain the

24   benefits to which she is entitled under the terms of The Policy.  Pursuant to 29

25   U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and

26   expenses as compensation for costs and legal fees incurred to pursue Plaintiff's

27   rights.

28        WHEREFORE, Plaintiff prays judgment as follows:

1.     For declaratory judgment against Defendant, requiring Defendant to pay long-term disability benefits under the terms of The Policy to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Policy.

2.     For attorney's fees pursuant to statute against Defendant.

3.     For costs of suit incurred.

4.     For such other and further relief as the Court deems just and proper.


DATED: July 13, 2016              ERISA LAW GROUP, LLP


                                    /s/ Robert J. Rosati
                                    ROBERT J. ROSATI
                                    Attorney for Plaintiff,
                                    CARLA POHLMAN